## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | | |
|---|---|---|
| **TEYON STOVER,** | : | **HABEAS CORPUS** |
| **GDC # 0001208305,** | : | **28 U.S.C. § 2254** |
| **Petitioner,** | : | |
| | : | |
| **v.** | : | |
| | : | |
| **GLEN JOHNSON, Warden,** | : | **CIVIL ACTION NO.** |
| **Ware State Prison,** | : | **1:15-CV-1507-WSD-AJB** |
| **Respondent.** | : | |

### UNITED STATES MAGISTRATE JUDGE'S
### FINAL REPORT AND RECOMMENDATION

Before the Court is Petitioner Teyon Stover's counseled federal habeas corpus petition that challenges his 2006 DeKalb County convictions, [Doc. 1], Respondent's answer-response and motion to dismiss the petition as untimely, [Docs. 10, 11], and Petitioner's response, [Doc. 13].

## I.    Discussion

In late January and early February 2006, in two separate incidents in DeKalb County, a man kidnaped and raped a fifteen year old and later grabbed, dragged, and threatened a twenty-one year old, who escaped. *See Stover v. State*, 293 Ga. App. 210, 210-11, 666 S.E.2d 602, 604 (2008). Petitioner was accused of those crimes, and, following a jury trial, he was found guilty of rape, two counts of kidnaping, three

counts of child molestation, and aggravated assault. *Id.*, 293 Ga. App. at 210, 666 S.E.2d at 603-04.  On August 4, 2008, the Georgia Court of Appeals affirmed the judgment against Petitioner. *Id.*, 293 Ga. App. at 215, 666 S.E.2d at 606.  The record does not show that Petitioner sought any further direct review.

On December 29, 2011, Petitioner filed in the Superior Court of Telfair County a state habeas corpus petition, civil action number 11cv481.  (Resp't Ex. 2, ECF No. 12-2.)  The court denied relief, and on May 5, 2014, the Georgia Supreme Court denied further review.  (Resp't Ex. 8, ECF No. 12-8; Resp't Ex. 9, ECF No. 12-9.)

On May 4, 2015, Petitioner filed his federal habeas corpus petition.  (Pet., ECF No. 1.)  In response to the Court's question on timeliness, Petitioner asserts that the time limitations should be excused based on his actual innocence and based on the unconstitutionality of the federal limitations period.  (Pet'r Resp. on Timeliness at 1-7, ECF No. 6.)

Respondent moves that the petition be dismissed as untimely and argues that Petitioner fails to show any new evidence or actual innocence and that his constitutional attack on the federal limitations period fails under *Tinker v. Moore*, 255 F.3d 1331, 1334-35 (11th Cir. 2001).  (Mot. to Dismiss at 2-10, ECF No. 11.)

2

Petitioner responds that the actual innocence standard does not require new evidence[1] and that the following evidence demonstrates his innocence: (1) no physical/photo evidence was introduced showing that the rape victim's notebook was found in Petitioner's car,[2] (2) Petitioner's car headlights did not match the rape victim's

_____

[1]      Petitioner quotes the following language from *Schlup* --

> Without any new evidence of innocence, even the existence of a concededly meritorious constitutional violation is not in itself sufficient to establish a miscarriage of justice that would allow a habeas court to reach the merits of a barred claim. *However, if a petitioner . . . presents evidence of innocence so strong that a court cannot have confidence in the outcome of the trial* unless the court is also satisfied that the trial was free of nonharmless constitutional error, the petitioner should be allowed to pass through the gateway and argue the merits of his underlying claims.

*Schlup v. Delo*, 513 U.S. 298, 316 (1995) (emphasis as added by Petitioner). In the first sentence, the Court describes what the effect will be if the petitioner is "*without any*" new evidence. In the second sentence, the use of "However, if" contrasts what the effect will be if the petitioner has *strong* (new) evidence. The contrast is between *without any* and *strong* and is not meant to create an equivocation on the statement that the evidence must be new. The Court later in its opinion articulated (1) that a credible claim of innocence "requires petitioner to support his allegations of constitutional error with *new reliable evidence*–whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence–that was not presented at trial;" and (2) that "the petitioner must show that it is more likely than not that no reasonable juror would have convicted him in the light of the *new evidence*." *Id*. at 324, 327 (emphasis added). The evidence must be new.

[2]      However, the notebook was presented at trial, and the crime scene investigator testified that she recovered the notebook from Petitioner's car. (Pet. at cm/ecf pages 12, 16.)

3

description of the headlights on the perpetrator's car, (3) Petitioner's license plate number was at least one number off the license plate number given by the rape victim, and (4) the rape victim's general and indefinite description of the assailant matched (except for age) the person "registered to the car that matched the exact license plate number" given by the rape victim.[3]  (Pet'r Br. in Resp. to Mot. to Dismiss at 2-4, ECF No. 13.)  Petitioner also argues that the one-year federal limitations period combined with a longer state limitations period creates a time trap that violates procedural due process and justifies equitable tolling.  (*Id.* at 6-8.)

Under the Antiterrorism and Effective Death Penalty Act ("AEDPA"), a one-year statute of limitations applies to a habeas corpus action attacking an underlying state conviction.  As stated at 28 U.S.C. § 2244:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of–
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

---

[3]     The issues of mistaken identity and the license plate number were raised at trial, and Petitioner does not show that there is any new evidence on the matter.  *See Stover*, 293 Ga. App. at 214, 666 S.E.2d at 605.  Additionally, the headlight evidence was available at trial.  *See id.*, 293 Ga. App. at 215, 666 S.E.2d at 606.

4

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244. Although Georgia allows four years for filing a state habeas corpus petition, absent a properly filed application under § 2244(d)(2), the federal limitations period begins to run after the state conviction becomes final and expires after one year. *Clarkson v. Williams*, No. CV411-125, 2011 WL 6328367, at *1 (S.D. Ga. Nov. 14, 2011) ("A Georgia defendant must keep his review process going and cannot allow more than one year's worth of time gaps to form along the way. And if gaps do form between review segments (i.e, there is no "state proceeding" in play), the federal clock ticks during each gap.") (R&R), *adopted*, 2011 WL 6328329 (S.D. Ga. Dec. 16, 2011).

AO 72A
(Rev.8/8
2)

The Eleventh Circuit Court of Appeals has rejected a claim that the federal limitations period is unconstitutional when applied in concert with a longer state limitations period and has stated that the availability of equitable tolling ensures constitutional application of the federal time limits. *Tinker*, 255 F.3d at 1334 (analyzing claim under the Suspension Clause).

As stated in *Tinker,* the one-year statute of limitations is subject to equitable tolling if the petitioner "shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Lugo v. Sec'y, Fla. Dep't of Corr.*, 750 F.3d 1198, 1207 (11th Cir. 2014) (quoting *Holland v. Florida*, 560 U.S. 631, 649 (2010)) (internal quotation marks omitted), *cert. denied*, _ U.S. _, 135 S. Ct. 1171 (2015).[4]  Further, actual innocence provides an equitable exception, though rare, to AEDPA's time limitations. *McQuiggin v. Perkins*, _ U.S. _, _, 133 S. Ct. 1924, 1928 (2013) (stating that the petitioner must "persuade[] the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt" (quoting *Schlup*, 513 U.S. at 329) (internal quotation marks omitted)).  To be entitled to the actual

---

[4]     It is well settled that it is the petitioner's burden to establish his right to equitable tolling. *Lugo*, 750 F.3d at 1209.

6

innocence exception, the petitioner is required "(1) to present 'new reliable evidence . . . that was not presented at trial,' . . . and (2) to show 'that it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt' in light of the new evidence." *Rozzelle v. Sec'y, Fla. Dep't of Corr.*, 672 F.3d 1000, 1011 (11th Cir. 2012) (discussing *Schlup*).  To assess actual innocence, the court considers not just the new evidence presented but also considers all relevant evidence "without regard to whether it would necessarily be admitted under rules of admissibility that would govern at trial."  *Id*. at 1017 (quoting *House v. Bell*, 547 U.S. 518, 538 (2006)) (internal quotation marks omitted).

Petitioner's convictions became final on August 14, 2008, when his time to give notice of intent to petition the Georgia Supreme Court for *certiorari* expired, ten days after the Georgia Court of Appeals' August 4, 2008 affirmance of the judgment against him.  *See* Ga. Sup. Ct. R. 11, 38.   Nothing in the record suggests that subsections 2244(d)(1)(B)-(D) apply.  Therefore, the federal limitations period began to run for Petitioner on August 14, 2008, when his convictions became final. 28 U.S.C. § 2244(d)(1)(A).  Absent an exception based on tolling, actual innocence, or a finding that the limitations period is unconstitutional, Petitioner's federal petition was due by August 14, 2009.  Petitioner fails to show that any of those exceptions apply.

7

Petitioner's list of evidence to show actual innocence based on mistaken identity is insufficient. It is not new evidence. *See Schlup*, 513 U.S. at 324, 327; *Rozzelle*, 672 F.3d at 1011. Further, the evidence that Petitioner lists does not otherwise meet the *Schulp* standard. This Court considers not just the evidence that Petitioner has listed, it also considers other evidence "without regard to whether it would necessarily be admitted under rules of admissibility that would govern at trial." *Rozzelle*, 672 F.3d at 1017 (internal quotation marks and citation omitted). Thus, the Court considers Petitioner's assertion/admission that he had consensual sex with the rape victim (which was excluded at trial), and that evidence badly weakens his claim of actual innocence based on mistaken identity.[5] (*See* Pet'r Br. in Resp. to Mot. to Dismiss at 5 (stating that Petitioner "admitted to having had sex with the [rape victim]").); *see Stover*, 293 Ga. App. at 213, 666 S.E.2d at 605 ("[T]he theory of the defense was mistaken identity. Consistent with this strategy, [Petitioner] successfully moved for the exclusion of his statements to police that he and [the rape victim] had engaged in consensual sex."). Petitioner fails to make a showing of actual innocence under the *Schlup* standard.

---

[5]   The Court notes that Petitioner presents no new evidence that brings into question the fact of rape.

8

The undersigned finds no reason to question that the 365-day federal limitations period provides a sufficient opportunity to be heard in accord with procedural due process requirements. *See Heredia v. Sec'y, Fla. Dep't of Corr.*, 566 Fed. Appx. 853, 856 (11th Cir. May 19, 2014) ("The essence of due process is an opportunity to be heard at a meaningful time and in a meaningful way."), *cert. denied*, _ U.S. _, 135 S. Ct. 2061 (2015). Further, this Court defers to the Eleventh Circuit Court of Appeals' decision that the availability of equitable tolling ensures that the federal limitations period will be applied in a constitutional manner. Accordingly, the Court addresses equitable tolling. Petitioner argues generally that some prisoners reasonably assume that the federal limitations period is somehow extended when the state limitations period is longer than the federal one-year period. However, Petitioner presents nothing to show that he, personally, has been diligently pursuing his rights and that, notwithstanding his diligence, Georgia's four-year window for filing a state petition created an extraordinary circumstance that prevented him from timely filing his federal petition within one year. Petitioner does not show that he is entitled to equitable tolling.

Thus, the federal limitations period ran, untolled, and expired for Petitioner on August 14, 2009. Petitioner's December 2011 state habeas corpus petition was filed too late to provide statutory tolling. *See Lugo*, 750 F.3d at 1208 ("The filing of

9

Lugo's . . . motion did not operate to toll the limitations period under § 2244(d)(2) because no period remained to be tolled."). Petitioner's May 2015 federal petition must be dismissed as untimely.

## II.   <u>Certificate of Appealability ("COA")</u>

Under Rule 11 of the Rules Governing § 2254 Cases, "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. . . . If the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." The Court will issue a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The applicant "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Melton v. Sec'y, Fla. Dep't of Corr.*, 778 F.3d 1234, 1236 (11th Cir. 2015) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)) (internal quotation marks omitted), *cert. denied*, _ U.S. _, 136 S. Ct. 324 (2015).

> When the district court denies a habeas petition on procedural grounds . . . a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would

find it debatable whether the district court was correct in its procedural ruling.

*Damren v. Florida*, 776 F.3d 816, 820 (11th Cir. 2015) (quoting *Slack*, 529 U.S. at 484).

The undersigned recommends that a COA be denied because the decisive procedural issue, untimeliness, is not debatable. If the Court adopts this recommendation and denies a COA, Petitioner is advised that he "may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22." Rule 11(a), Rules Governing § 2254 Cases in the United States District Courts.

**III.** **Conclusion**

**IT IS RECOMMENDED** that Respondent's motion to dismiss, [Doc. 11], be **GRANTED**, that a COA be **DENIED**, and that the action be **DISMISSED**.

The Clerk of Court is **DIRECTED** to withdraw the referral to the undersigned Magistrate Judge.

**IT IS SO RECOMMENDED and DIRECTED**, this _1st_ day of December, 2015.

ALAN J. BAVERMAN
UNITED STATES MAGISTRATE JUDGE

11